UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR FOUR ACCOUNTS SERVICED BY SNAP INC. | ML No. **24-ml-585** |

*Reference:*   DOJ Ref. # CRM-182-92053; *Subject Accounts: chencho.072, cs.kd3, cstr3sss, and fully_gass23*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters signed at the Hague on 12 June 1981, Neth.-U.S., Sept. 29, 2004, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Kingdom of the Netherlands ("the Netherlands").  The proposed Order would require Snap Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Santa Monica, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with Snapchat usernames **chencho.072**, **cs.kd3**, **cstr3sss**, and **fully_gass23**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of

Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 12 (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute the Netherlands's request has been duly

authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in the Netherlands in connection with a criminal investigation and prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation and prosecution.

## RELEVANT FACTS

5. Authorities in the Netherlands are prosecuting a minor with initials L.S. for attempted murder and attempted manslaughter offenses, which occurred on October 14, 2023, in violation of the criminal law of the Netherlands: specifically, Sections 45, 287, and 289 of the Dutch Penal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from the Netherlands to

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

provide the requested records to assist in the criminal investigation and prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in the Netherlands, on October 14, 2023, a 15-year-old boy ("the Victim") was shot in the stomach in the city of Oss, the Netherlands, shortly after 10:00 p.m.

7. After the shooting, Dutch investigators canvassed the area around the crime scene for video surveillance footage.  Dutch investigators were able to trace the shooter via video surveillance to a supermarket in Oss prior to the shooting.  Dutch authorities circulated images of the shooter from the supermarket's video surveillance footage to the public.

8. Subsequently, a woman ("Witness 1") came forward and identified the shooter from the Oss Supermarket's surveillance footage as her missing 16-year-old son ("the Defendant").  Witness 1 told Dutch authorities that the Defendant had been missing since October 6, 2023.  Witness 1 further stated that the Defendant had stopped responding to telephone calls and WhatsApp text messages.  However, the Defendant had maintained contact with his sister via Snapchat.

9. On October 26, 2023, Dutch police located and arrested the Defendant.  The Defendant denied shooting the Victim and claimed he had been staying at his girlfriend's home in Den Helder, the Netherlands.  During a second interview with Dutch police, the Defendant admitted to using Snapchat under username **cs.kd3**.

10. Dutch authorities were unable to find or seize the Defendant's mobile phone(s).  Witness 1 provided Dutch investigators with the International Mobile Equipment Identity ("IMEI") number associated with the Defendant's mobile phone.  Dutch investigators obtained historical telephone traffic data associated with the Defendant's IMEI number and found that the

Defendant's mobile phone held three different SIM cards, each associated with a different telephone number, between April 30, 2023, and October 6, 2023.

11.     One of the telephone numbers used by the Defendant between October 13 and October 26, 2023, had contact with a telephone number belonging to an individual interviewed by Dutch authorities ("Witness 2"). Dutch authorities seized the mobile phone belonging to Witness 2 and searched its contents. Dutch investigators found multiple chats messages from several contacts of Witness 2 who recognized the Defendant as the shooter from the video surveillance publicized by Dutch authorities. Various chat messages in Witness 2's phone referred to the Defendant as "C.S." The parents of the Defendant confirmed that C.S. is the Defendant's nickname.

12.     The contents of Witness 2's phone revealed that Snapchat username **cs.kd3** was one of Witness 2's Snapchat contacts. The Defendant has admitted to Dutch authorities that he used Snapchat username **cs.kd3**. Dutch authorities sought subscriber information from PROVIDER for the account **cs.kd3**, and the telephone number linked to Snapchat username **cs.kd3** was also linked to Snapchat username **cstr3sss**. The contents of Witness 2's phone also showed that Snapchat username **cstr3sss** was one of Witness 2's Snapchat contacts.

13.     Dutch investigators also found that Snapchat username **chencho.072** was one of Witness 2's Snapchat contacts. The Defendant also uses the nickname "Chencho," and the number "072" is the area code covering the area where the Defendant lives. Furthermore, Dutch authorities sought subscriber information from PROVIDER for the account **chencho.072**, and the telephone number linked to Snapchat username **chencho.072** belongs to Witness 1.

14.     Dutch investigators also seized the mobile phone of the Defendant's girlfriend ("Witness 3") and searched its contents. Dutch investigators found text messages between

5

Witness 3 and the Defendant, who used the telephone number associated with Snapchat usernames **cs.kd3** and **cstr3sss**. Witness 3 stored this same telephone number in her phone's contacts application as a "heart emoji," rather than a written name. The contents of Witness 3's phone also contained a screenshot of PROVIDER suggesting Witness 3 add Snapchat username **fully_gass23** because this Snapchat account was associated with "heart emoji" in Witness 3's phone contacts. In other words, Snapchat username **fully_gass23** was associated with the same phone number as the Defendant (*i.e.*, "heart emoji," as the Defendant's phone number was saved in Witness 3's phone contacts).

15.  PROVIDER services Snapchat usernames **cs.kd3**, **cstr3sss**, **chencho.072**, and **fully_gass23**. Accordingly, authorities in the Netherlands seek records from PROVIDER in an effort to secure records relevant and material to their criminal investigation.

### REQUEST FOR ORDER

16.  The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in the Netherlands identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items

described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

          Respectfully submitted,

          VAUGHN A. ARY
          DIRECTOR
          OFFICE OF INTERNATIONAL AFFAIRS
          OK Bar Number 12199

By: _/s/ Anthony Kuhn_____
          Anthony J. Kuhn
          Trial Attorney
          NY Bar Number 5434337
          Office of International Affairs
          Criminal Division, Department of Justice
          1301 New York Avenue, N.W., Suite 300
          Washington, D.C.  20530
          (202) 591-5456 telephone
          (202) 514-0080 facsimile
          Anthony.Kuhn@usdoj.gov

## Relevant Provisions of the Dutch Penal Code

**Section 45**
1. Attempted crime is punishable when the perpetrator's intention has been revealed by the start of the execution.
2. The maximum of the main penalties for the crime is reduced by one third in the event of an attempt.
3. If it is a crime punishable by life imprisonment, a prison sentence of not more than twenty years will be imposed.
4. The additional penalties for attempt are the same as for the completed crime.

**Section 287**
A person who intentionally takes the life of another is guilty of manslaughter and punishable by a term of imprisonment of not more than fifteen years or a fine of the fifth category.

**Section 289**
Any person who takes another person's life deliberately and with premeditation is guilty of murder and is punishable by lifetime imprisonment, a temporary prison sentence for a term not exceeding thirty years, or a fine of the fifth category.